UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CYNTHIA JOHNSON,<br>Defendant. | Case No. 5:00-cr-20141-JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE OR REDUCE CONVICTION**<br>Re: Dkt. No. 101 |

In 2001, Defendant Cynthia Johnson ("Defendant") pled guilty to two felony counts of bank robbery in violation of 18 U.S.C. § 2113(a), and was sentenced to a custodial term of 84 months. Presently before the court is Defendant's motion to have her conviction expunged or reduced to a misdemeanor. This motion was referred to the undersigned as a general duty matter.

"A defendant who moves to expunge her conviction does not seek to vacate or set aside her conviction." United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). "[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." Id.

The Ninth Circuit recognizes two sets of authority that permit the expungement of a criminal conviction. Id. The first arises from statutes, "by which the courts may expunge records of federal convictions in particular cases" involving the Controlled Substances Act, the Veterans Health Administration, and DNA analysis. Id. at 792-93. The second is based on the federal court's "inherent authority to expunge criminal records in appropriate and extraordinary cases." Id. at 793. However, even under such ancillary jurisdiction, "district courts do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations,' because

1  'the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states.'" Id. (quoting United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000)). "Accordingly, 'a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error.'" Id. (quoting Sumner, 226 F.3d at 1014).

Here, Defendant does not provide the legal basis for her expungement request. Liberally construing her pleading, Defendant appears to seek relief under the court's inherent expungement authority and cites equitable reasons in support of her request. To that end, Defendant states in the motion that this "case is 15 years old," and that she was "unarmed" during the "nonviolent" offense. But as noted above, the district court may not entertain Defendant's motion because its ancillary jurisdiction to expunge is limited to unlawful arrests or convictions, or corrections of clerical error.

Nor can the court grant her reduction request. The state authority referenced in the motion, Proposition 47, does not apply to her federal bank robbery conviction.

Accordingly, Defendant's motion to expunge or reduce her conviction is DENIED.

**IT IS SO ORDERED.**

Dated:  March 4, 2016



EDWARD J. DAVILA
United States District Judge