UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CYNTHIA JOHNSON,<br>Defendant. | Case No. 5:00-cr-20141-JW<br><br>**ORDER DENYING MOTION FOR SENTENCE REVIEW**<br><br>Re: Dkt. No. 104 |

On July 18, 2016, Defendant Cynthia Johnson ("Defendant") filed a "Motion for Sentence Review" through which she seeks "to have conviction expunged/lowered to misdemeanor" and, or in the alternative, a "certificate of rehabilitation and pardon." Dkt. No. 104. She also requests a "copy of the certified conviction minute order."

As has been previously explained to Defendant in an order filed on March 4, 2016 (Dkt. No. 102), the district court's jurisdiction to expunge a conviction is limited, and arises either from a statute or the court's inherent authority. United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). It does not appear that any of the relevant statutes apply to Defendant's conviction, and Defendant does not and has not argued otherwise. Id. at 792-93 (observing that expungement may be available for convictions involving the Controlled Substances Act, the Veterans Health Administration, and DNA analysis). Nor has Defendant identified a reason, either in her prior motion or in the one now before the court, to find that her federal conviction is unlawful or that a clerical error was made in the judgment.[1] Id. at 793. Equitable arguments, such as those based on

---

[1] Notably, the judgment was already amended once previously to correct a clerical error in the amount of restitution. Dkt. Nos. 79, 80. This may be what Defendant is referring to when she

1   alleged rehabilitation, do not provide a basis for relief.  Id.

2   Furthermore, the court is unaware of federal authority authorizing a reduction of her

3   conviction to a misdemeanor or for the issuance of a "certificate of rehabilitation and pardon."[2]

4   Thus, because the court does not have jurisdiction to expunge or reduce her conviction, and

5   similarly cannot issue the certificate requested by Defendant, the "Motion for Sentence Review" is

6   DENIED.

7   As to her additional request, the court is unaware of a "certified conviction minute order."

8   The court therefore construes the request as one for a copy of the amended judgment, and orders

9   the Clerk to send a copy of the amended judgment filed on September 12, 2008 (Dkt. No. 80) to

10  Defendant.

**IT IS SO ORDERED.**

Dated:  August 23, 2016

_____
EDWARD J. DAVILA
United States District Judge

---

indicates there was an error in "the amount that was said lost."

[2] In any event, it is the President who is conferred the power to issue a pardon, not the court. See Binion v. United States Dep't of Justice, 695 F.2d 1189, 1191 (9th Cir. 1983) ("The Constitution confers on the President 'power to grant reprieves and pardons for offenses against the United States.'").

2

Case No.: 5:00-cr-20141-JW
ORDER DENYING MOTION FOR SENTENCE REVIEW